IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRANCE TOMLINSON,

   Petitioner,

vs.          CIVIL ACTION NO.: CV209-116

DEBORAH A. HICKEY,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terrance Tomlinson ("Tomlinson"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia ("FSL Jesup"), filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Tomlinson filed a Traverse. For the reasons which follow, Tomlinson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Tomlinson was sentenced to 240 months' imprisonment in the United States District Court for the Middle District of Florida for: conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841; and establishment of drug manufacturing operations, in violation of 21 U.S.C. § 856(a)(1). (Doc. No. 7-2, p. 5).

Tomlinson asserts that the Bureau of Prisons' ("BOP") Program Statement 5100.09, or the "nearer release transfer policy", was violated by his placement 589

AO 72A
(Rev. 8/82)

miles outside of his release residence. Tomlinson requests that he be placed in a facility within 500 miles of Woodbridge, Virginia, his release destination, and that the BOP remove the Greater Security Management Variable that was applied on August 4, 2008.

Respondent contends that this Court lacks habeas corpus jurisdiction over Tomlinson's claims, as granting his requests would not affect the fact or duration of his terms of confinement. Respondent also contends that, even if Tomlinson's claims were re-characterized as constitutional claims, he has no protected interest in his classification.

## DISCUSSSION AND CITATION TO AUTHORITY

Tomlinson contends that he was transferred to the Federal Correctional Camp in Petersburg, Virginia ("FCC Petersburg"), which is within a 500 mile radius of his release residence in Woodbridge, Virginia. However, Tomlinson asserts, he then was placed in FSL Jesup, which is 589 miles from his release residence. Tomlinson contends that he had 48 months of clear conduct while he was housed at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), and was then sent to FCC Petersburg by a nearer release transfer. Tomlinson alleges that the Warden and Unit Manager at FCC Petersburg felt it would be appropriate to place him in a Camp within 500 miles of his release destination. However, Plaintiff also alleges that a Greater Security Management Variable was applied to him on a later date, which led to him being placed at FSL Jesup and more than 500 miles of his release destination. Tomlinson further alleges that the Greater Security Management Variable was not applied until after his security point total and custody level had decreased. Tomlinson asserts that his

2

placement at FSL Jesup is in violation of Program Statement 5100.09, the nearer release transfer policy, which allows inmates to move closer to "their legal residence or release destination, consistent with their security level." (Doc. No. 1, p. 2) (citing Program Statement 5100.09, Ch. 7, Code 313).

Respondent contends that the BOP appropriately exercised its authority in "attaching security concerns" to Tomlinson's classification status. (Doc. No. 7, p. 8). Respondent also contends that Tomlinson is not entitled to habeas corpus relief in this case, as habeas corpus proceedings are the proper mechanisms to challenge the legality or duration of confinement. Civil rights actions, Respondent states, are ordinarily the vehicle to challenge the conditions of an inmate's confinement. Respondent asserts that, even if Tomlinson's Greater Security Management Variable were removed, this would have no effect on the fact or duration of his term of confinement.

A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v.

Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being retaliated against for exercising their First Amendment right of redress or being transferred to another prison, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Tomlinson's contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by federal actors. Tomlinson's request to be transferred to an institution within 500 miles of his release destination is not cognizable under section 2241.

However, a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976). Instead, 18 U.S.C. § 3621(b)[1] provides the BOP with broad discretion to choose the location of an inmate's imprisonment. Newbold v. Stansberry, 2009 WL 86740, *3 (E.D. Va. Jan. 12, 2009). A prisoner has no due process or liberty interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 224; Gonzalez v. Doe, 2009 WL 1704248 (N.D. Tex. June 15, 2009) (collecting cases);

---

[1] "The Bureau of Prisons shall designate the place of the prisoner's imprisonment." In so doing, the BOP shall consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

Franco v. Bureau of Prisons, 2006 WL 1207976 (D. N.J. Apr. 28, 2006). Tomlinson is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Tomlinson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)